UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AR FACTORING, LLC | CIVIL ACTION |
| VERSUS | NO: 19-1906 |
| COMMONWEALTH APPLIED SILICA TECHNOLOGIES, LLC, STEVEN V. CROSS, C. RICHARD SCALES, and THOMAS L. BASKIN | SECTION: T |

## ORDER

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim[1] filed by defendant Thomas L. Baskin ("Baskin"). AR Factoring, LLC ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion to Dismiss is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves Plaintiff's claims for breach of contract, fraud, and third party fraud against Baskin, Commonwealth Applied Silica Technologies, LLC ("CAST"), Steven V. Cross ("Cross"), and C. Richard Scales ("Scales") (collectively, "Defendants"). In January 2016, Plaintiff and Defendants began discussions concerning Plaintiff's purchase of two accounts receivable allegedly due to CAST from NASA after Plaintiff was introduced to Scales, the president of CAST.[3] Plaintiff alleges that Scales and Cross represented to Plaintiff that CAST had completed performance on two contracts with NASA for which CAST was owed $602,640.00, and that they were interested in selling the accounts receivable to Plaintiff.[4]

Scales provided Plaintiff with the two invoices, along with a March 2, 2016 Resolution of the Board of Directors of CAST authorizing Cross to execute an agreement on behalf of CAST,

---

[1] R. Doc. 8.
[2] R. Doc. 9.
[3] R. Doc. 1, ¶16.
[4] R. Doc. 1, ¶¶16-17.

1

and wire notice and instructions signed by Scales.[5] On March 4, 2016, Plaintiff and CAST entered into a contract entitled Accounts Receivable Factoring Agreement (With Recourse) ("Agreement"),[6] wherein Plaintiff agreed to pay $480,000 to CAST in connection with Plaintiff's purchase of two accounts receivable allegedly due to CAST from NASA.[7] Pursuant to the Agreement, Plaintiff had to the right to demand that CAST and Cross repurchase the accounts if the accounts were not collected within 120 dates of the date of the invoices.[8] Plaintiff alleges it was unable to collect the amounts and that it made written demand on CAST and Cross on November 29, 2016.[9]

After June 2016 but prior to the November 2016 demand, Plaintiff allegedly contacted NASA about the accounts, and NASA informed Plaintiff that it never entered into any agreements with CAST or Cross.[10] Plaintiff subsequently contacted Scales, who denied NASA's claim.[11] Additionally, Plaintiff alleges that Scales had been working as a confidential informant for the FBI in connection with the FBI's investigation into the actions of Cross and his companies.[12] Based on these allegations, Plaintiff asserts a breach of contract claim against CAST and Cross, and claims for fraud and rescission of the Agreement based on fraud against all Defendants.[13]

Baskin now moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Baskin contends he is not subject to personal jurisdiction in Louisiana because he is a Virginia resident. Baskin further asserts that any fraud claim against Baskin prescribed in November 2017 at the latest based on the allegations in the complaint. Finally,

---

[5] R. Doc. 1, ¶¶18-19.
[6] R. Doc. 1, ¶1.
[7] R. Doc. 1, ¶22.
[8] R. Doc. 1, ¶24.
[9] R. Doc. 1, ¶25.
[10] R. Doc. 1, ¶28.
[11] R. Doc. 1, ¶29.
[12] R. Doc. 1, ¶29.
[13] R. Doc. 1, ¶¶37-42.

Baskin contends that the complaint fails to state a claim for fraud under the heightened pleading requirements for fraud claims.[14]

## **LAW AND ANALYSIS**

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to present a defense that the Court lacks personal jurisdiction over it. When nonresidents, like Baskin, move to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it.[15] The Court will take all uncontroverted allegations in the complaint as true and resolve any conflicts in the plaintiff's favor.[16] The Court is not restricted to pleadings, but may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery.[17]

The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of due process.[18] Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over the defendant would offend due process.[19]

A State "may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[20]

---

[14] R. Doc. 8-2.
[15] *See Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[16] *Id.*
[17] *See Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 752 (5th Cir. 1996).
[18] *See Seiferth v. Helicópteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).
[19] *See* La. R.S. § 13:3201(B); *Luv N' Care*, 438 F.3d at 469.
[20] *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 923, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Two categories of personal jurisdiction exist: general jurisdiction and specific jurisdiction.[21] Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general" jurisdiction over any action brought against that defendant.[22] Specific jurisdiction exists when a suit arises out of or relates to the defendant's contacts with the forum state.[23]

Baskin has lived in Virginia since 1979, and has never owned, operated, or otherwise engaged in business in Louisiana.[24] Baskin's only contact with Louisiana was when he was stationed at Barksdale Airforce Base in Bossier Parish from 1975 to 1979.[25] Plaintiff contends the Court has personal jurisdiction over Baskin because "Baskin knew the NASA accounts were fake" and induced Plaintiff to enter the Agreement.[26] Additionally, Plaintiff asserts the Court has personal jurisdiction over Baskin because the Agreement contains a Louisiana choice-of-law provision and states that the Eastern District of Louisiana is the proper venue for disputes arising under the Agreement.[27] However, Plaintiff does not allege that Baskin was involved in negotiating the terms of the Agreement, and Plaintiff makes no other allegations to support that Baskin had contacts with Louisiana. Therefore, the Court finds that Baskin has not had "continuous and systematic general business contacts" with Louisiana and the instant lawsuit does not relate to any contact by Baskin with Louisiana. Because Baskin is a non-resident defendant and the Court finds that it does not have general personal jurisdiction or specific personal jurisdiction over Baskin, the Court must dismiss Plaintiff's claims against Baskin for lack of personal jurisdiction under Federal Rules of Civil Procedure Rule 12(b)(2).

---

[21] *See id.*
[22] *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010).
[23] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).
[24] R. Doc. 8-3.
[25] R. Doc. 8-3.
[26] R. Doc. 9, p.4.
[27] R. Doc. 9, p.4.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim[28] is **GRANTED**.

**New Orleans, Louisiana**, on this 22nd day of January, 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 8.