UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AR FACTORING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1906** |
| **COMMONWEALTH APPLIED SILICA TECHNOLOGIES, LLC, STEVEN V. CROSS, C. RICHARD SCALES, and THOMAS L. BASKIN** | **SECTION: T** |

### ORDER

Before the Court is a Motion for Default Judgment[1] filed by AR Factoring, LLC ("Plaintiff") as to Steven V. Cross. For the following reasons, the Motion for Default Judgment[2] is **GRANTED.**

### BACKGROUND

On March 1, 2019, Plaintiff filed a complaint asserting claims for breach of contract, fraud, and third party fraud against Commonwealth Applied Silica Technologies, LLC ("CAST"), Steven V. Cross ("Cross"), and C. Richard Scales ("Scales").[3] Plaintiff contends CAST breached a March 4, 2016 contract entitled Accounts Receivable Factoring Agreement (With Recourse) ("Agreement"),[4] wherein Plaintiff agreed to pay $480,000 to CAST in connection with Plaintiff's purchase of two accounts receivable allegedly due to CAST from NASA.[5] Plaintiff alleged that CAST is liable for $523,091.52 plus interest thereon at the rate of 18% per annum commencing six (6) days from the date of Plaintiff's November 29, 2016 demand on CAST, together with

---

[1] R. Doc. 39.
[2] R. Doc. 39.
[3] R. Doc. 1.
[4] R. Doc. 1, ¶1.
[5] R. Doc. 1, ¶22.

1

reasonable attorney fees and all costs of court. On March 2, 2020, the Court granted Plaintiff's motion for default judgment against CAST.

Plaintiff has now moved for default judgment against Cross. Pursuant to Federal Rule of Civil Procedure 4, Cross was served via domiciliary service on March 2, 2020.[6] On April 8, 2020, the Clerk of Court granted Plaintiff's Motion for Entry of Default, and a preliminary default was entered against Cross.[7] Plaintiff now moves for a default judgment pursuant to Rule 55(b)(1).[8]

## LAW AND ANALYSIS

The Fifth Circuit has outlined a three-step process to obtain a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure: (1) a defendant's default; (2) the clerk's entry of default; and (3) a plaintiff's application for a default judgment.[9] The service of a summons triggers a duty to respond to a complaint and a failure to respond may result in the entry of default or default judgment under Rule 55.[10] Accordingly, when a party establishes by affidavit or some other method that there has been a default, the Clerk of Court will enter the default.[11] Thereafter, the court may, upon motion by a plaintiff, enter a default judgment against that party.[12]

Default judgments are usually disfavored,[13] and are considered a drastic remedy that should only be available "when the adversary process has been halted because of an essentially

---

[6] R. Doc. 36.
[7] R. Doc. 38.
[8] R. Doc. 39.
[9] *See N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996).
[10] *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937–39 (5th Cir. 1999).
[11] Fed. R. Civ. P. 55.
[12] Fed. R. Civ. P. 55.
[13] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

unresponsive party."[14] In determining whether a default judgment should be entered, the Fifth Circuit has developed a two-part test. First, the court must determine whether the entry of default judgment is appropriate under the circumstances.[15] Factors relevant to this determination include: (1) whether there are material issues of fact at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by a defendant.[16] Second, the court must assess the merits of a plaintiff's claims and find a viable claim for relief.[17]

On a motion for default judgment, the court accepts the plaintiff's allegations of fact as true.[18] Accepting the complaint's allegations of fact as true and the evidence submitted by Plaintiff, the Court finds Plaintiff has sufficiently established that Cross is liable for $523,091.52 plus interest thereon at the rate of 18% per annum commencing six (6) days from the date of Plaintiff's November 29, 2016, demand on Cross, together with reasonable attorney fees and all costs of court.

Plaintiff has obtained a default judgment against CAST for breach of the Agreement. Plaintiff's complaint alleges that Cross personally guaranteed payment under the Agreement by executing a Guarantee of Repurchase Obligation, and that Cross is liable for breaching the Guarantee of Repurchase Obligation (the "Guarantee").[19] In Louisiana, "[a] contract of guaranty is equivalent to a contract of suretyship[, and t]he terms guaranty and suretyship may be used

---

[14] *Sun Bank of Ocala*, 874 F.2d at 276 (*quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).
[15] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[16] *Lindsey*, 161 F.3d at 893.
[17] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975).
[18] *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001).
[19] R. Doc. 1.

interchangeably."[20] In a surety contract "a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so."[21] Surety agreements must be express and in writing.[22] Surety agreements "are subject to the same rules of interpretation as contracts in general."[23]

> In this case, the Guarantee provides:
>
> STEVEN V. CROSS hereinafter referred to as Guarantor does hereby guarantee the performance of that certain obligation of Commonwealth Applied Silica Technologies, LLC to repurchase certain overdue account(s) receivable covered by that certain Account Receivable Factoring Agreement dated March 4, 2016 a copy of said Agreement being attached hereto and made part hereof. Guarantor expressly agrees to repurchase said account(s) receivable within five (5) calendar days of written demand for said repurchase. Should Guarantor fail to timely effectuate repurchase, and Factor be required to commence litigation Guarantor shall be liable to Factor for reasonable attorney fees and all costs of court.[24]

The Guarantee is signed by Steven V. Cross.[25] Therefore, the Court finds the Guarantee meets the requirements of a surety agreement under Louisiana law. Because Plaintiff has established that CAST is liable for breach of the Agreement and that Cross failed to meet his obligations under the Guarantee, the Court finds Plaintiff has shown that it is entitled to a default judgment against Cross.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Default Judgment[26] is **GRANTED** and that Plaintiff is entitled to a default judgment against Steven V. Cross under Rule 55(b)(1) in the amount of $523,091.52 plus interest thereon at the rate of 18% per

---

[20] *DROR Int'l, L.P. v. Thundervision, L.L.C.,* 81 So.3d 182, 185 (La. App. 5 Cir. 2011) (*citing Eclipse Telecommunications Inc. v. Telnet International Corp.*, 800 So.2d 1009, 1011 (La. App. 5 Cir. 2001)).
[21] La. Civ. Code art. 3035.
[22] La. Civ. Code art. 3038.
[23] *Comar Marine, Corp. v. Raider Marine Logistics, L.L.C.*, 792 F.3d 564, 578 (5th Cir. 2015) (*quoting Ferrell v. S. Cent. Bell Tel. Co.*, 403 So.2d 698, 700 (La. 1981)).
[24] R. Doc. 1-6.
[25] R. Doc. 1-6.
[26] R. Doc. 39.

5

annum commencing six (6) days from the date of Plaintiff's November 29, 2016, demand on Steven V. Cross, together with reasonable attorney fees and all costs of court.

**New Orleans, Louisiana**, on this 5th day of May, 2020.

                                                  **GREG GERARD GUIDRY**
                                           **UNITED STATES DISTRICT JUDGE**