UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AR FACTORING, LLC | CIVIL ACTION |
| VERSUS | NO: 19-1906 |
| COMMONWEALTH APPLIED SILICA TECHNOLOGIES, LLC, STEVEN V. CROSS, C. RICHARD SCALES, and THOMAS L. BASKIN | SECTION: T |

### ORDER

Before the Court is a Motion for Summary Judgment[1] filed by defendant, C. Richard Scales. AR Factoring, LLC ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion for Summary Judgment[3] is **GRANTED.**

### BACKGROUND

Plaintiff initiated this action alleging that Commonwealth Applied Silica Technologies, LLC ("CAST"), acting through Steven Cross, C. Richard Scales, and Thomas Baskin, fraudulently induced Plaintiff to enter into an agreement to purchase accounts receivable allegedly due from NASA to CAST.[4] In January 2016, Plaintiff and Defendants began discussions concerning Plaintiff's purchase of two accounts receivable allegedly due to CAST from NASA.[5] Plaintiff alleges that Scales and Cross represented to Plaintiff that CAST had completed performance on two contracts with NASA for which CAST was owed $602,640.00, and that they were interested in selling the accounts receivable to Plaintiff.[6] Plaintiff attached two invoices to the complaint that purportedly show the amounts owed by NASA.[7] On March 4, 2016, Plaintiff and CAST entered

---

[1] R. Doc. 44.
[2] R. Doc. 46.
[3] R. Doc. 44.
[4] R. Doc. 1.
[5] R. Doc. 1, ¶16.
[6] R. Doc. 1, ¶¶16-17.
[7] R. Doc. 1-2.

1

into a contract entitled Accounts Receivable Factoring Agreement (With Recourse) ("Agreement"),[8] wherein Plaintiff agreed to pay $480,000 to CAST in connection with Plaintiff's purchase of two accounts receivable allegedly due to CAST from NASA.[9] Pursuant to the Agreement, Plaintiff had to the right to demand that CAST and Cross repurchase the accounts if the accounts were not collected within 120 days of the date of the invoices.[10]

In November 2016, Plaintiff allegedly contacted NASA about the accounts, and NASA informed Plaintiff that it never entered into any agreements with CAST or Cross.[11] On November 29, 2016, Plaintiff made written demand on CAST and Cross.[12] Scales claims that he did not learn that the accounts receivable were non-existent until October 2016, when he was contacted by the FBI.[13] Based on these allegations, Plaintiff asserts a breach of contract claim against CAST and Cross, and claims for fraud and rescission of the Agreement based on fraud against all Defendants.[14]

On January 22, 2020, the Court dismissed Plaintiff's claims against Baskin for lack of personal jurisdiction.[15] On March 2, 2020, the Court entered a default judgment against CAST based on its findings that Plaintiff established CAST is liable for breach of contract.[16] On May 5, 2020, the Court entered a default judgment against Cross based on its finding that Cross guaranteed CAST's obligation to repurchase the accounts receivable and failed to fulfill his obligations.[17] The only claims remaining are Plaintiff's claims against Scales for: (1) damages based on its contention

---

[8] R. Doc. 1, ¶1.
[9] R. Doc. 1, ¶22.
[10] R. Doc. 1, ¶24.
[11] R. Doc. 1, ¶28.
[12] R. Doc. 1, ¶25.
[13] R. Doc. 18, ¶7.
[14] R. Doc. 1, ¶¶37-42.
[15] R. Doc. 26.
[16] R. Doc. 34.
[17] R. Doc. 40.

that he induced Plaintiff to enter into the Agreement by making fraudulent misrepresentations about the existence and legitimacy of the accounts and CAST's intention to repurchase them; and (2) rescission of the Agreement based upon the same alleged fraud.

Scales now moves for summary judgment seeking dismissal of Plaintiff's remaining claims. Scales contends Plaintiff's fraud claim is prescribed, and that Plaintiff is precluded from seeking rescission of the Agreement since Plaintiff obtained default judgments for breach of the Agreement against CAST and Cross.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[19] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[20]

When a defendant moves for summary judgment based on prescription, it bears the burden of producing evidence to show that the claim has prescribed.[21] If a defendant is successful at demonstrating one year has passed between the tortious acts and the filing of the suit, "then the burden shifts to the plaintiff to prove an exception to prescription."[22]

---

[18] Fed. R. Civ. P. 56(a).
[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[20] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[21] *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co*., 290 F.3d 303, 320 (5th Cir.2002) (*citing Boston Old Colony Ins. v. Tiner Associates Inc*., 288 F.3d 222, 227 (5th Cir. 2002)).
[22] *Terrebonne Parish Sch. Bd.,* 290 F.3d at 320 (*citing Miley v. Consol. Gravity Drainage Dist. No. 1,* 642 So.2d 693, 696 (La.Ct.App.1994)).

The prescriptive period for a fraud claim under Louisiana law is one year from the date plaintiff knew or reasonably should have known of a defendant's fraudulent act.[23] The prescriptive periods for negligent misrepresentation, intentional misrepresentation, and fraudulent inducement are also one year from the date the plaintiff knew of the fraudulent act.[24] Plaintiff cites *5876 57th Drive, LLC v. Lundy Enters., LLC*, No. 13-5012, 2014 U.S. Dist. LEXIS 39345, at *12 (E.D. La. Mar. 25, 2014) in support of its contention that the fraud claim is subject to a ten-year prescriptive period because it is alleged in connection with a contract.[25] *Lundy* is distinguishable, however, because Scales never undertook any contractual obligations and was not a party to the Agreement.[26] Therefore, the one-year prescriptive period applies to Plaintiff's fraud claims against Scales.

In this case, Plaintiff's fraud claim has prescribed on the face of the complaint. Plaintiff alleges Scales made representations about the validity of the accounts receivable in March 2016 and that Plaintiff discovered the alleged fraud in November 2016. However, Plaintiff did not initiate this lawsuit against Scales until over a year later in March 2019. Therefore, the undisputed material facts demonstrate that Plaintiff's claim for fraud against Scales has prescribed and should be dismissed.

Scales next contends he is entitled to judgment dismissing Plaintiff's claim for rescission of the Agreement because Plaintiff has obtained default judgments against CAST and Cross for breach of the Agreement. Plaintiff contends that the claims asserted by Plaintiff against each defendant in the matter are personal to that defendant, and the fact that the Court has already

---

[23] *Delpit v. Ansell*, 2004 WL 551206, at *2 (E.D.La. Mar. 16, 2004) (quotations and citations omitted).
[24] *Colonial Oaks Assisted Living Lafayette v. Hannie Development, Inc.*, 2019 WL 3251379, *5 (W.D. La. June 14, 2019) (*citing Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 480 (5th Cir. 2002)).
[25] R. Doc. 46, p.8.
[26] R. Doc. 1-6.

entered a judgment against CAST and Cross is not *res judicata* as to Plaintiff's claims against Scales. As Scales points out, courts within the Fifth Circuit have held that parties "cannot seek both to have the contract rescinded and at the same time sue on the contract for the damages resulting from the fraudulent transaction."[27] Likewise, in this case, Plaintiff cannot seek to have the Agreement rescinded and enforce a judgment against CAST and Cross for breach of the same Agreement. Therefore, Scales is entitled to judgment dismissing Plaintiff's claim seeking rescission of the Agreement.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[28] filed by defendant, C. Richard Scales is **GRANTED**.

**New Orleans, Louisiana**, on this 5th day of October, 2020.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[27] *NanoProprietary, Inc. v. Canon, Inc.*, 2007 WL 9700715 (W.D. Tex. Apr. 2, 2007) (*quoting Fredonia Broadcasting Corp., Inc. v. RCA Corp.*, 481 F.2d 781, 790 (5th Cir. 1973)).
[28] R. Doc. 44.