UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AR FACTORING, LLC | CIVIL ACTION |
| VERSUS | NO: 19-1906 |
| COMMONWEALTH APPLIED SILICA TECHNOLOGIES, LLC, STEVEN V. CROSS, C. RICHARD SCALES, and THOMAS L. BASKIN | SECTION: T |

## ORDER

Before the Court is a Motion for New Trial filed by AR Factoring, LLC ("Plaintiff").[1] C. Richard Scales ("Scales") has filed an opposition.[2] For the following reasons, the Motion for New Trial[3] is **DENIED**.

## BACKGROUND

Plaintiff initiated this action alleging that Commonwealth Applied Silica Technologies, LLC ("CAST"), acting through Steven Cross, C. Richard Scales, and Thomas Baskin, fraudulently induced Plaintiff to enter into an agreement to purchase accounts receivable allegedly due from NASA to CAST.[4]

On January 22, 2020, the Court dismissed Plaintiff's claims against Baskin for lack of personal jurisdiction.[5] On March 2, 2020, the Court entered a default judgment against CAST based on its findings that Plaintiff established CAST as liable for breach of contract.[6] On May 5, 2020, the Court entered a default judgment against Cross based on its finding that Cross guaranteed CAST's obligation to repurchase the accounts receivable and failed to fulfill his obligations.[7]

---

[1] R. Doc. 52.
[2] R. Doc. 53.
[3] R. Doc. 52.
[4] R. Doc. 1.
[5] R. Doc. 26.
[6] R. Doc. 34.
[7] R. Doc. 40.

1

Finally, on October 5, 2020, the Court granted summary judgment in favor of Scales dismissing Plaintiff's remaining claims.[8]

Plaintiff filed a motion for new trial on November 2, 2020. Plaintiff specifically targets the Court's analysis pertaining to the prescription period on Plaintiff's fraud claim against Scales,[9] arguing that the Court's finding of a one-year prescription period instead of ten years is based on a flawed interpretation of *Lundy*,[10] which "likely stems from…the untruthful claim by Scales that he 'never undertook any contractual obligations.'"[11] In opposition, Scales contends that Plaintiff has failed to demonstrate any grounds for reconsideration or reversal of the Court's ruling under Rule 59 and, even if the Court were to consider the merits of the Motion, Plaintiff's fraud claims are not entitled to a ten-year limitations period under controlling Fifth Circuit precedent.[12]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 59 provides that the court may grant a new trial on all or some of the issues—and to any party—(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.[13] On a motion for new trial, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.[14]

---

[8] R. Doc. 50.
[9] R. Doc. 52.
[10] *5876 57th Drive, LLC v. Lundy Enters.*, LLC, No. 13-5012, 2014 U.S. Dist. LEXIS 39345, at (E.D. La. Mar. 25, 2014).
[11] R. Doc. 52-1 at 3.
[12] Fed. R. Civ. P. 59.; R. Doc. 53 at 3.
[13] Fed. R. Civ. P. 59(a)(1)(A)-(B).
[14] Fed. R. Civ. P. 59(a)(2).

Plaintiff moves for a new trial citing Rule 59(a) despite the Court dismissing the claims at issue on summary judgment.[15] Plaintiff's motion therefore functions more as a Rule 59(e) motion to alter or amend a judgment.[16] Such a motion challenges the correctness of the court's finding,[17] properly invoked to correct manifest errors of law or fact or to present newly discovered evidence.[18] Because there was no bench trial or jury trial on this matter, the Court finds Rule 59(a) inapplicable and instead evaluates Plaintiff's motion under Rule 59(e). Although available when timely filed within 28 days of the judgment, Rule 59(e) should not be used to relitigate prior matters that simply have been resolved to the movant's dissatisfaction.[19] Moreover, such a motion cannot be used to argue a case under a new legal theory,[20] and district courts have considerable discretion to grant or deny a Rule 59(e) motion.[21]

In this motion, Plaintiff does not identify a change in law or present new evidence, but instead declares that the Court adopted an "erroneous" interpretation of law relevant to the applicable prescription period on summary judgment.[22] While noting Plaintiff's dissatisfaction, the Court finds no basis for amending its judgment under Rule 59(e). The instant motion repeats an argument previously considered on summary judgment without demonstrating the need to correct a clear error of law under Rule 59(e). The Court remains convinced that Plaintiff's claims

---

[15] R. Doc. 50.
[16] Fed. R. Civ. P. 59(e).
[17] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[18] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); see also *Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002) (holding that Rule 59(e) allows reconsideration when there are (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; (3) the need to correct a clear error of law or prevent manifest injustice).
[19] *In re Self,* 172 F. Supp. 2d 813, 816 (W.D. La. 2001).
[20] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990) (*citing Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).
[21] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir. 1990).
[22] R. Doc. 52-1 at 4.

are distinguishable from *Lundy*, and accordingly finds no justification for altering or amending judgment based on the restated content of Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for New Trial is **DENIED**.[23]

New Orleans, Louisiana, this ___29th___ day of July, 2021.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. 52.